UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LAVERNE SALLEY,

                               Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                          10-CV-1754 (CBA)
      -against-

FLOYD FLAKE, et al.,

                              Defendants.
----------------------------------------------------------X
**AMON, Chief United States District Judge**.

      On February 9, 2012, counsel for various New York City entities who are defendants in the above-captioned action ("City Defendants"), mailed the Court a letter enclosing a copy of Plaintiff Laverne Salley's death certificate. D.E. # 40. On March 6, 2012, the City Defendants noticed Salley's death on the record, D.E. # 42, and on March 8, 2012, they filed a Certificate of Service of the statement noting the death. D.E. # 43.

      On June 11, 2012, the Court received a letter postmarked June 6, 2012 from Leonard McCallop, a *pro se* individual identifying himself as Plaintiff's son, indicating his desire that the case proceed and requesting notification of further proceedings. D.E. # 44.

      Following the death of a party, the possibility of substitution is governed by Fed. R. Civ. P. 25(a)(1). Pursuant to that rule, "the court may order substitution of the proper party" upon motion by "the decedent's successor or representative." A "proper party" for substitution under Rule 25(a)(1) may be "either (1) a successor of the deceased party—a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's estate." *Lungu v. New Island Hospital/St. Joseph Hospital,*

1

No. CV-11-0755 (SJF)(GRB), 2012 WL 2050205, at *5 (E.D.N.Y. Jun. 4, 2012) (emphasis omitted). Under New York law, which governs whether Mr. McCallop is properly a "successor or representative" of the decedent, *id.*, a "representative" is "usually the appointed administrator or executor of the decedent's estate." *Allen ex rel Allen v. Devine*, Nos. 09-cv-668 (ADS)(ETB), 10-cv-1319 (ADS)(ARL), 2011 WL 5117619, at *4 (E.D.N.Y. Oct. 25, 2011); *Perlow v. Comm'r of Soc. Sec.*, No. 10-cv-1661 (SLT), 2010 WL 4699871, at *2 (E.D.N.Y. Nov. 10, 2010) (internal quotation marks omitted). In cases where the plaintiff died destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as substitute, as there would not be any estate to distribute. *Perlow*, 2010 WL 4699871, at *2

Accordingly, if Mr. McCallop wishes to pursue this action, he must provide this Court with evidence on or before July 15, 2012 that he is a "proper party" for substitution, *i.e.* that:

(1) he is a distributee of Plaintiff's estate *and* either Plaintiff died destitute or Plaintiff's estate has already been distributed; or

(2) he has been designated as the administrator or executor of Plaintiff's estate or is otherwise the estate's legal representative under New York law.

Mr. McCallop must further provide this Court with evidence on or before July 15, 2012 that he has either obtained counsel to represent the interests of Plaintiff's estate or else that there are no other beneficiaries or creditors of Plaintiff's estate who could be impacted by this action. *See Pridgen v. Andersen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]n administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant."); *Shapiro v. United States*, No. 07 Civ. 161(PKL), 2008 WL 4302614, at *2 (S.D.N.Y.

Sept. 17, 2008) ("There are limitations to an individual's right to proceed *pro se*... including the requirement that a *pro se* litigant is only pursuing his own personal interests.").

SO ORDERED.

Dated: Brooklyn, N.Y.
      June 15, 2012

                              /S/
                            Carol Bagley Amon
                            Chief United States District Judge

**Copy mailed to:**
Leonard McCallop
P.O. Box 1111
Clayton, NC 27528